UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHNNY MAYO,

              Petitioner,

   -against-

**OPINION AND ORDER**
**11-CV-3817 (SJF)**

ADA PEREZ, Superintendent, Downstate
Correctional Facility,

              Respondent.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

Before the Court is Johnny Mayo's ("petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the foregoing reasons, petitioner's application is **DENIED** and the petition is dismissed.

## I. Background[1]

On August 13, 2000, petitioner and his cohorts went to the home of Michael Dobrie for the purpose of robbing money and drugs. Upon entering the front door, a shot was fired and Dobrie was killed. On February 3, 2007 and while he was serving time at the Fort Dix Correctional Facility, petitioner was interrogated and allegedly "proffered" a statement. DE 1-1 p. 5.

Subsequently, petitioner was indicted by a Suffolk County Grand Jury and charged with second degree felony murder under New York Penal Law (NYPL) § 125.25(3) and first degree burglary under NYPL §140.30(1). DE 4 ¶ 3. On July 3, 2007, petitioner was arrested for the murder of Michael Dobrie, but denied his involvement. DE 1-1 p. 5. Subsequent to his arrest,

---

[1] The background facts are taken from petitioner's statement of facts (DE 1-1) and the government's answer (DE 4).

petitioner "again offered statements negating his involvement." *Id.*

On September 3, 2008, a *Huntley* hearing was held and the petitioner's motion to suppress his statements was denied on the grounds he received *Miranda* warnings and the statements were not coerced. *Id.*; DE 4 ¶ 3. In February 2009, petitioner's jury trial began and on February 24, 2009, petitioner, with the advice of counsel, interrupted the proceedings and pleaded guilty to attempted second-degree felony murder in satisfaction of the charges. DE 1-1 p. 5; DE 4 ¶ 4.

Petitioner appealed from his judgment of conviction and counsel was appointed to represent him on direct appeal. DE 4 ¶ 5. Three (3) issues were raised on appeal: (1) his waiver of appeal was unenforceable because it was neither knowing nor voluntary; (2) his conviction for attempted felony murder was a legal impossibility; and (3) given that petitioner did not admit to the crime of felony murder, his guilty plea was involuntary and unenforceable.

New York's Appellate Division, Second Department, issued its decision affirming the judgment on October 5, 2010. DE 4, Exh. 6. It held that petitioner's purported waiver of his right to appeal was ineffective. *People v. Mayo*, 77 A.D.3d 683, 683-84 (2d Dept. 2010) (Slip Op). The court also held that the plea of guilt for attempted felony murder, a non-existent or logically and legally impossible crime, was permissible. *Id.* at 684 (citation omitted). As to petitioner's third ground, the appellate court held that a factual basis for the plea was not required under the circumstances. *Id.* Accordingly, the judgment was affirmed. *Id.* Petitioner then sought leave to appeal from New York's Court of Appeals, which application was denied on March 7, 2011. *People v. Mayo*, 946 N.E.2d 185 (N.Y. 2011). Accordingly, petitioner's claims are properly exhausted.

In his application for a writ of habeas corpus, petitioner alleges his waiver of appeal was

invalid and his guilty plea was unknowingly and involuntarily made.

## II. Discussion

### A. Legal Standard for a Writ of Habeas Corpus by a Person in State Custody

"In reviewing a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, a federal district court makes an independent determination as to whether the petitioner is in custody in violation of his rights under the Constitution, or any laws and treaties of the United States." *McCool v. New York State*, 29 F. Supp. 2d 151, 157 (W.D.N.Y. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 730 (1991)).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), 28 U.S.C. § 2254(a) provides that a "district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A federal court may grant a writ of habeas corpus to a State prisoner where the federal claim was "adjudicated on the merits" in state court if adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[2]

---

[2] "This standard of review, as opposed to the standard existing prior to the passage of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996, is more deferential to state court decisions." *Garry v. Greiner*, No. 01 Civ. 0848, 2003 WL 21436217, at *2 (S.D.N.Y. June 19, 2003).

28 U.S.C. § 2254(d).

"An 'adjudication on the merits' is a "substantive, rather than a procedural, resolution of a federal claim.' " *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001)(quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)). A "state court 'adjudicate[s]' a state prisoner's federal claim on the merits when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Id.* (quoting 28 U.S.C. § 2254(d)(1)). "When a state court does so, a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim—even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." *Id.*

The Second Circuit Court of Appeals expressly adopted the "Fifth Circuit's succinct articulation of the analytic steps that a federal habeas court should follow in determining whether a federal claim has been adjudicated 'on the merits' by a state court." *Id.* at 314. In *Mercadel v. Cain*, 179 F.3d 271, 274 (5th Cir. 1999), the court held:

> [W]e determine whether a state court's disposition of a petitioner's claim is on the merits by considering: (1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits.

Where a state court has not adjudicated a state prisoner's federal claim on the merits, the " '[the court applies] the pre-AEDPA standards and review[s] *de novo* the state court disposition of the petitioner's federal constitutional claims.' " *Garry v. Greiner*, No. 01 Civ. 0848, 2003 WL 21436217, at *2 (S.D.N.Y. June 19, 2003) (quoting *Cotto v. Herbert*, No. 01 Civ. 2694, 2003 WL 1989700, at *6 (2d Cir. May 1, 2003)).

Title 28 U.S.C. § 2254(e)(1) provides that the "determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

### B. Petitioner's Application for a Writ of Habeas Corpus

#### 1. Invalid Wavier of Appeal

Petitioner contends that there was no written waiver of appeal and the state court normally "legally require[s] the defendant to sign a waiver of rights to implement and substantiate the voluntariness, knowing and intelligent prongs of the plea." He argues that simply answering "yes" is enormously insufficient to adequately express a defendant's understanding and clarity of the rights waived. DE 1-1 p. 9. Petitioner argues that the Appellate Division's decision denying his direct appeal on this issue is contrary to clearly established federal law.

The appellate court, however, held that petitioner's "purported waiver of his right to appeal was ineffective, as there is no indication in the record that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to a plea of guilty." *People v. Mayo*, 77 A.D.3d 683, 683-84 (2d Dept. 2010) (Slip Op). Accordingly, petitioner's claim that his waiver of the right to appeal was invalid is moot.

#### 2. Petitioner's Guilty Plea was Unknowing and Involuntary

On direct appeal to the Appellate Division, petitioner argued that for a guilty plea to be deemed knowing, intelligent and voluntary, a defendant must voluntarily recite or acknowledge sufficient guilty facts to lead a reasonable person to believe that he committed he crime. DE 4, Exh. 4 p. 22. Petitioner also argued that where the factual recitation omits essential elements of a

crime or casts doubt on a defendant's guilt, the court must make additional inquiries. *Id.* at p. 24. Consequently, because petitioner did not plead guilty to an act that constitutes felony murder, his plea cannot be deemed not be intelligent, knowing and voluntary. *Id.* at p. 26. The appellate court held, however, that "where, as here, the defendant pleads guilty to a lesser crime than the one charged in the indictment and the allocution establishes that the defendant understood the charges against him, a factual basis for the plea is unnecessary." *Mayo*, 77 A.D.3d at 684.

"New York law does not require a factual inquiry when a defendant pleads guilty to a lesser crime than the offense charged in the indictment." *Torres v. McGrath*, 407 F. Supp. 2d 551, 558-59 (S.D.N.Y. 2006). *See People v. Moore*, 525 N.E.2d 740, 742 (N.Y. 1988) (holding that factual basis for a plea was unnecessary where defendant pleaded guilty to a lesser crime than the one charged in the indictment); *People v. Flores*, 655 N.Y.S.2d 3, 4 (N.Y. App. Div. 1997) (same).

"Nor does the United States Constitution require a factual inquiry for a court to accept a guilty plea." *Torres*, 407 F. Supp. 2d at 559. Rather, it is the Federal Rules of Criminal Procedure, "not due process, that requires federal courts to conduct a factual inquiry before accepting a guilty plea." *Willbright v. Smith*, 745 F.2d 779, 780 (2d Cir. 1984) (citing *McCarthy v. United States*, 394 U.S. 459, 465 (1969)). Accordingly, petitioner's application for a writ of habeas corpus on this claim is denied.

## III. Conclusion

Given the foregoing, petitioner has not met his burden to establish that the state's adjudication of his claims resulted in a decision that was contrary to or involved an unreasonable

application of clearly established federal law, as determined by the Supreme Court or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the petition is dismissed.

The Court certifies that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: September 26, 2014
       Central Islip, New York

                                      Sandra J. Feuerstein, U.S.D.J.